BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
JASON C. PANG (Cal. Bar No. 296043)
MIKAELA W. GILBERT-LURIE (Cal. Bar No. 337339)
Assistant United States Attorneys
    1100/1200/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1259/2652/5615
    Facsimile: (213) 894-0141
    E-mail:   alexander.schwab@usdoj.gov
              jason.pang@usdoj.gov
              mikaela.gilbert-lurie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>PAUL A. BILZERIAN, et al.,<br>  (2) SCOTT ROHLEDER<br>  (3) IGNITE INTERNATIONAL<br>     BRANDS, LTD.<br><br>        Defendants. | No. CR 24-569-MEMF-2, 3<br><br>**GOVERNMENT'S RESPONSE TO ORDER SCHEDULING HEARING REGARDING DEFENDANTS IGNITE INTERNATIONAL BRANDS AND SCOTT ROHLEDERS' LEGAL REPRESENTATION ON APRIL 4, 2025** |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Alexander B. Schwab, Jason C. Pang, and Mikaela W. Gilbert-Lurie, hereby files its Response to the Order Setting a Hearing on defendants Ignite International Brands, Ltd., and Scott Rohleder's Legal Representation on April 4, 2025.

This Response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 2, 2025           Respectfully submitted,

                                        BILAL A. ESSAYLI
                                      United States Attorney

                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                            /s/
                                        ALEXANDER B. SCHWAB
                                        JASON C. PANG
                                        MIKAELA W. GILBERT-LURIE
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   GOVERNMENT'S POSITION ON VARIOUS WITHDRAWAL REQUESTS**

The Court has set a hearing for April 4, 2025, following multiple filings by multiple attorneys to withdraw as counsel for multiple defendants. See, e.g., Dkts. 76 (request by attorney Jesse Gessin to withdraw as counsel for defendant Scott Rohleder); 81 (request by Steptoe LLP to withdraw as counsel for defendant Ignite); 84 (request by attorney Reuben Cahn to withdraw as counsel for defendant Rohleder). In the minute order setting the April 4 hearing, the Court authorized the government to file a response. (Dkt. 91.) Since then, attorney Ashwin Ram has also filed a declaration seeking to withdraw as counsel for defendant Ignite but anticipated that he will be retained again, through his new law firm, on April 18. (Dkt. 93.)

The government takes no position on the merits of the pending requests for withdrawal and has no objection to the Court conducting an in camera inquiry of defense counsel and their clients relating to the pending requests.

**II.   GOVERNMENT'S POSITION ON CONTINUANCE OF THE MAY 19 TRIAL DATE**

Although it takes no position on the merits of the pending requests for withdrawal, the government does have significant concerns about the feasibility of the upcoming May 19, 2025 trial date.

**A.   Defendants' Continuing Change of Representation**

Attorney Ashwin Ram, who is lead counsel for defendant Ignite, will not be representing defendant Ignite for several weeks -- including the time in which defendant Ignite is obligated to meet and confer with the government about motions in limine and the trial

generally.  The government understands that no other attorneys at Steptoe are actively working on this case.  Likewise, although the government had initial conversations with defendant Rohleder's prior counsel, Mr. Gessin, during that conversation, Mr. Gessin indicated that he would not ultimately represent defendant Rohleder because a new attorney (not attorney Reuben Cahn) would ultimately substitute in.  That attorney has not yet filed a notice of appearance in this case.

**B.   The Current Deadlines in This Complex Fraud Case**

This case has been designated as complex because of the estimated length of trial.  (Dkt. 8.)  Discovery includes approximately 1.5 million pages.

Based on a May 19 trial date, the Court granted the parties' stipulation to set various pretrial filing dates, including a deadline to meet and confer on motions in limine on April 8.  (Dkt. 85.)  This is in addition to the various pretrial deadlines that the Court set in its Criminal Standing Order relating to meeting and conferring about jury instructions and other pretrial matters.  Given the volume of discovery that needs to be reproduced to, and reviewed by, defendant Rohleder's yet-to-be-determined future counsel, as well as other discovery that needs to be produced to some but not all defendants (i.e., the government needs to meet and confer with defendant Rohleder's counsel regarding the production of tax documents for counts pending against only defendant Rohleder), it is infeasible that the parties will be in a position to meet and confer on motions in limine and other related issues in just a few days, which relates to defense counsel's ability to proceed to trial on May 19.

### C. The Court May Continue the Trial Date Under the Speedy Trial Act Over Defendants' Objections

Mr. Ram has emphasized to the government several times that his client will not agree to a continuance of the May 19 trial date.[1] Ordinarily, the government would not object to a defendant's request to proceed to trial on a set trial date, but here the lack of continuity of counsel likely supports a continuance.

Specifically, Steptoe has represented that there has been a breakdown of communication with defendant Ignite. Mr. Ram is no longer employed by Steptoe, and earlier today submitted a declaration seeking leave to also withdraw as counsel for defendant Ignite, though anticipating his new firm will be retained by defendant Ignite on April 18. Mr. Cahn also seeks to withdraw as counsel for defendant Rohleder, and as of this filing, no motion for substitution of counsel has been filed, and no new counsel has been identified to the government.

As things stand, the parties' deadline to meet and confer on motions in limine is April 8 -- a date that was already continued from the previously instituted deadline. Defendants' ability to obtain new counsel and bring them up to speed by that deadline therefore appears unlikely, if not impossible, and current counsel are all seeking to withdraw their representation by that date.

---

[1] There is good reason to believe defendant Paul Bilzerian is driving defendants' litigation strategy. Mr. Ram represents both defendants Bilzerian and Ignite in a parallel civil case, SDNY case 1:24-cv-07331-VM, and Mr. Ram sought to represent both defendants Ignite and Rohleder in this matter. (Dkt. 43.) As the Indictment and the government's opposition to the pending motion to dismiss allege, defendant Bilzerian controls defendant Ignite as its beneficial owner.

3

The government could press ahead with the May 19 trial date the defendants have insisted on with the risk that new counsel will be unable to meet the filing deadlines. But that leaves the government and the Court navigating between Scylla and Charybdis. Either defense counsel request -- and obtain -- a belated continuance on the eve of trial, or defendants are equipped to argue on appeal or in collateral proceedings that they were afforded insufficient time to prepare for trial or counsel of their choice, even though the problem was of their own making.

Given the circumstances, the most appropriate step forward appears to be a continuance of the trial date, whether defendants join or do not at this point. Several provisions of the Speedy Trial Act apply, including the pendency of the various pretrial motions to substitute counsel, the pendency of the motion to dismiss, the complex nature of the case, and the ends of justice. See 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), (h)(7)(B)(iv). When considering whether a continuance of the trial date violates the Sixth Amendment, the Court should consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. See United States v. Gregory, 322 F.3d 1157, 1161 (9th Cir. 2003). The first factor, the length of delay, is a "threshold issue." Id. A continuance of six to eight months beyond the deadlines set by the Speedy Trial Act is generally not presumptively prejudicial and, therefore, does not give rise to a colorable Sixth Amendment claim. Id. at 1161-62, n.3 (noting that a 22-month delay was not "excessively long"). Here, a short trial

continuance to fall 2025 would not come close to a presumptively prejudicial delay.[2]

In any event, even though a short trial continuance would satisfy the threshold length of delay issue, the other three Barker factors also support a continuance of the trial date.  Given the pending motions, complex nature of this fraud case, and several requests to withdraw as counsel, there is good cause for the delay.  Likewise, defendants have previously agreed to continue the trial date in this case.  (Dkt. 27.)  Finally, defendants cannot show any real prejudice because neither defendant is in custody (indeed, one is a corporation) and there is no allegation that a delay will result in the unavailability of witnesses or the destruction of evidence.  See Barker, 407 U.S. at 530 (finding that "living for over four years under a cloud of suspicion and anxiety" and "spend[ing] 10 months in jail before trial" did not constitute "serious prejudice").

---

[2] Although Mr. Ram has continuously represented his client's objections to a trial continuance, the government believes that Mr. Ram is unavailable for trial during most of the month of June.