DAVID SCHOEN (admitted Pro Hac Vice)
SIMON SCHOEN (admitted Pro Hac Vice)
SCHOEN LAW FIRM, LLC
2800 Zelda Road Suite 100-6
Montgomery, AL 36106
Tel: (334) 395-6611
Email: schoenlawfirm@gmail.com
　　　　simon@schoenlawfirm.com

Attorneys for Defendant
SCOTT ROHLEDER

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PAUL A. BILZERIAN, et. al,<br>(2) SCOTT ROHLEDER<br>(3) IGNITE INTERNATIONAL BRANDS, LTD.<br><br>　　　　　Defendants. | Case No. 2:24-CR-00569-MEMF<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**UNOPPOSED MOTION AND INCORPORATED MEMORANDUM FOR VIDEO TELECONFERENCE ARRAIGNMENT PURSUANT TO RULE 10 (C), FEDERAL RULES OF CRIMINAL PROCEDURE**<br><br>Arraignment Date: October 27, 2025<br>Trial date: January 12, 2026 |

Defendant Scott Rohleder ("Rohleder"), by and through his counsel of record, David Schoen and Simon Schoen, hereby respectfully moves this Honorable Court to use teleconferencing for his arraignment on the Superseding Indictment in this case, pursuant to and consistent with Rule 10 (c) of the Federal Rules of Criminal Procedure. The undersigned conferred with Government counsel in advance of this filing and is authorized to represent to the Court that the Government does not oppose the requested relief.

As and for grounds for this Motion Defendant sets forth the following:

1. The original indictment in this case was returned on September 26, 2024 (ECF No. 1).

2. An in-person arraignment was held for Mr. Rohleder on October 28, 2024, and at that time, Mr. Rohleder acknowledged that (1) his true name appeared on the charging document, (2) he was being arraigned under that same name, (3) he read the indictment and discussed it with his attorney, (4) he pled "not guilty" to all counts of the indictment (ECF No. 20). On that same date, Mr. Rohleder also was provided with his Advisement of Defendant's Statutory and Constitutional Rights and formally acknowledged receipt of the same by signing it (ECF No. 32).

3. Mr. Rohleder lives in North Carolina, has been released on bond in this case at all times since his first appearance (ECF No. 34), and has at all times fully complied with his conditions of release.

4. On September 30, 2025, the First Superseding Indictment ("FSI") was docketed in this case (ECF No. 123).[1] The FSI is based on the same underlying alleged facts, contains one fewer count, a lower alleged tax loss figure, and adds a securities related count in place of one of the counts in the original indictment (Compare ECF Nos. 1 and 123). Mr. Rohleder has read the FSI and has discussed it with his counsel on regular occasions and in detail since it was returned and he intends to enter a plea of "not guilty" as to all counts of the FSI.

5. It would be a significant financial hardship for Mr. Rohleder and the undersigned counsel to have to travel to the arraignment before this Court from, respectively, North Carolina and Georgia, and, in light of the arraignment already conducted on the substantively similar original indictment, the nature of an arraignment, Mr. Rohleder's familiarity with the indictment and regular discussions concerning it with his counsel, his consent to, and indeed, request for

---

[1] Notwithstanding the Docket Entry indicating that the FSI was docketed on September 30, 2025, for some reason ECF notices of the same did not go out to defense counsel of record until October 5, 2025.

using video teleconferencing for his arraignment, as expressly provided for under Rule 10 (c), and on the authority of Rule 10 (c), it is respectfully requested that the Court use video teleconferencing for his arraignment on the FSI, scheduled for October 27, 2025.

## LEGAL AUTHORITY

. Rule 10 (c), of the Federal Rules of Criminal Procedure provides as follows: **"(c) Video Teleconferencing. Video teleconferencing may be used to arraign a defendant if the defendant consents."**

The rule is quite straightforward and has been so construed. Indeed, courts and commentators have explained the utility of video teleconferencing by contrasting Rule 10 (b), and its more stringent requirements in order to waive a defendant's presence altogether at an arraignment (requiring a formal written waiver by a defendant in advance and the Court's consent), with Rule 10 (c), which requires nothing more than the defendant's consent to video teleconferencing. *United States v. Howell*, 24 F. 4th 1138, 1145 (7th Cir. 2022); *See also*, Wright & Miller, *Federal Practice and Procedure*, 1A Fed. Prac. & Proc. Crim. § 163 (5th ed.) (no written or in-person consent by the defendant is required to use video teleconferencing for an arraignment; rather, if the Court agrees to do it, the defendant's consent can be elicited during the video teleconferenced arraignment).[2]

---

[2] This is in accord with the Committee Notes to the 2002 Amendments to Rule 10 (c), which added the current iterations of 10 (b) and (10 (c), with the latter expressly allowing video teleconferencing for arraignments, reflecting a marked change from the prior interations of Rule 43 and Rule 10, which required the defendant's physical presence at arraignment, before the 2002 Amendments.
**(Committee Notes to 2002 Amendments to Rule 10 -** "Although the rule requires the defendant to waive a personal appearance for an arraignment, the rule does not require that the waiver for video teleconferencing be in writing. Nor does it require that the defendant waive that appearance in person, in open court. It
(continued…)

3
UNOPPOSED MOTION FOR VIDEO TELECONFERENCE ARRAIGNMENT PURSUANT TO F.R.CR.P. 10 (C)

While Rule 10 (c) does not require written or advance consent from the defendant in order for the Court to approve video teleconferencing for an arraignment, Mr. Rohleder makes clear below not just his consent, but his request to permit the arraignment to be conducted by video teleconferencing.

### Statement by Defendant Rohleder

I, Scott Rohleder, a defendant in the above-captioned case, hereby consent to having the Court use video teleconferencing to conduct my arraignment on the First Superseding Indictment, pursuant to Rule 10 (c) of the Federal Rules of Criminal Procedure and, indeed, I respectfully ask the Court to permit the same. It would be a significant expense for me to appear before this Court in person with counsel at the arraignment on October 27, 2025 and it would require a significant amount of travel time, which I would far prefer to use preparing my case for trial along with my counsel.

I have received a copy of the First Superseding Indictment in this case. My attorney has advised me of, and I understand, the nature and substance of the charge, the maximum penalties applicable if I am convicted, and my constitutional rights. It is similar in many ways to the original indictment which I carefully read as well and discussed with my counsel.

I understand that I have a right to appear personally in open court for the arraignment before a judicial officer and with my attorney present in person for the arraignment.

---

would normally be sufficient for the defendant to waive an appearance while participating through a video teleconference.").

The **Committee Notes to the 2002 Amendments to Rule 10** further expressly provide that Rule 10 (c), was found to be appropriate to help a defendant avoid long and expensive travel: "The Committee was also persuaded to adopt the amendment because in some jurisdictions delays may occur in travel time from one location to another—in some cases requiring either the magistrate judge or the participants to travel long distances. In those instances, it is not unusual for a defense counsel to recognize the benefit of conducting a video teleconferenced proceeding, which will eliminate lengthy and sometimes expensive travel or permit the arraignment to be conducted much sooner."

I am also aware that I have the right to have the charges in the First Superseding Indictment read to me word by word in person, with my counsel present and to enter a plea in person to the charges therein.

Instead, however, I consent to and respectfully request having the arraignment on the First Superseding Indictment proceed by video teleconferencing and I expressly advise the Court of my informed intention to enter a plea of "Not Guilty" during the arraignment.

October 20, 2025

Scott Rohleder

## CONCLUSION

Based on all of the foregoing, and consistent with Rule 10 (c) of the Federal Rules of Criminal Procedure, Mr. Rohleder respectfully requests that the arraignment on the First Superseding Indictment be conducted by video teleconferencing. Mr. Rohleder again notes that the Government does not oppose this request.

DATED: October 20, 2025                    Respectfully submitted,

/s/
DAVID SCHOEN
SIMON SCHOEN
SCHOEN LAW FIRM, LLC

Attorneys for Defendant
SCOTT ROHLEDER